IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON LYTRELL EWING,

Plaintiff,

v.

BRIAN HAYES, REBECCA J. VAHLE, MATT BARNETT, and JACK C. HOAG,

Defendants.

OPINION & ORDER

16-cv-275-jdp

---

Pro se plaintiff DeVon Lytrell Ewing is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at the Kettle Moraine Correctional Institution. Ewing has filed a complaint challenging the revocation of his probation: he alleges that his attorney during the revocation proceedings was ineffective and that he should receive a new revocation hearing. The court determined that Ewing qualifies for *in forma pauperis* status, and Ewing paid the initial partial filing fee set by the court. Dkt. 5.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Because Ewing's claims are not actionable under 42 U.S.C. § 1983 at this time, I will dismiss his complaint without prejudice.

## ALLEGATIONS OF FACT

I draw the following facts from Ewing's complaint. Dkt. 1 and Dkt. 2.

Ewing's allegations concern revocation proceedings following an alleged domestic abuse incident. Ewing alleges that his attorney for the revocation proceedings was ineffective: the attorney knew (or should have known) that the probation agent presented false information at the revocation hearing, but the attorney did not explore the issue or offer the victim impact statement into evidence. (The victim impact statement indicates that Ewing did not physically or economically harm the alleged victim.) Ewing further alleges that his attorney was ineffective because he did not cross examine the victim; he did not move to suppress photographs of the victim's injuries; he did not have the officer who handled the underlying incident testify; and he did not appeal the revocation decision. On March 22, 2016, Ewing filed a *Booker* motion[1] with the Wisconsin Division of Hearings and Appeals (DHA): Ewing requested a new revocation hearing or an evidentiary hearing based on ineffective assistance of revocation counsel and newly discovered evidence. Defendant Brian Hayes, administrator of the DHA, denied the *Booker* motion.

Ewing contends that as a result of the probation agent's false information and his attorney's poor decisions, he "was denied the right to have his custody determination based on credible and reliable evidence and information[.]" Dkt. 2, at 5. Ewing implicates defendant Hayes for denying Ewing's *Booker* motion; defendant Rebecca J. Vahle for her role

[1] In *State ex rel. Booker v. Schwarz*, 2004 WI App 50, 270 Wis. 2d 745, 678 N.W.2d 361, the court held that "as a matter of due process, an offender who has his or her probation or parole revoked has the right to reopen the revocation hearing based on newly discovered evidence." *State ex rel. Redmond v. Foster*, No. 2014AP2637, 2016 WL 1689985, at *3 (Wis. Ct. App. Apr. 27, 2016). If an offender satisfies *Booker*'s five-prong test, he may be entitled to an evidentiary hearing before the DHA. *Id.*

as DHA administrative law judge during the proceedings; defendant Matt Barnett (whom Ewing identifies as the probation agent in the caption) for providing false information during the proceedings; and defendant Jack C. Hoag (whom Ewing identifies as the attorney in the caption) for providing ineffective assistance.

## ANALYSIS

Ewing alleges that defendants violated his constitutional rights during the underlying revocation proceedings and brings claims for ineffective assistance of counsel and due process violations.

In the context of revocation proceedings,

> the Supreme Court has held that the defendant has a constitutional right to counsel only if the denial of counsel would violate due process of law, which ordinarily will be true only if the defendant makes a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate."

*United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Under the *Gagnon* rule, Ewing may have had a constitutional right to counsel during the revocation proceedings he has described: he appears to have asserted—or attempted to assert—that he did not violate his conditions.[2]

---

[2] The Sixth Amendment right to counsel does not automatically attach in the context of revocation proceedings. Rather, as indicated above, only under certain circumstances may an offender have a right to counsel during revocation proceedings, in the interests of due process. This is because revocation proceedings are not "criminal prosecutions" for purposes of the Sixth Amendment. *See United States v. Kelley*, 446 F.3d 688, 691 (7th Cir. 2006) ("[R]evocation hearings are not 'criminal prosecutions' for purposes of the Sixth Amendment, so the 'full panoply of rights due a defendant in such a proceeding' does not apply." (quoting

But Ewing cannot bring an ineffective assistance of counsel claim—or any other due process or other constitutional claims arising from the underlying revocation proceedings, for that matter—as filed at this time. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (internal citation omitted). Put differently, prisoners may bring claims for injunctive relief or money damages for unconstitutional things that happen to them in a civil complaint via 42 U.S.C. § 1983, and they may challenge the fact or duration of their confinement in a habeas petition via 28 U.S.C. § 2254. Ewing's complaint appears to do both: he asks for a new revocation hearing *and* money damages as a result of unconstitutional acts. I see problems with both sides to Ewing's complaint.

Ewing directly challenges the decision to revoke him (as a result of his ineffective revocation counsel or other due process violations), and because he seeks a new revocation hearing, he should have filed a petition for a writ of habeas corpus pursuant to § 2254. *See, e.g.*, *United States v. Hawkins*, 375 F. App'x 623, 625 (7th Cir. 2010) ("[A] claim of ineffective assistance generally should be presented in a collateral action[.]").

Ewing's claims for money damages against the individual named defendants *do* belong in a civil action of the type he filed here. But those claims suffer from a different problem: "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or

---

*Morrissey v. Brewer*, 408 U.S. 471, 480 (1972))). I cannot, on this record, be sure that due process required that Ewing have counsel during the underlying proceedings, but I will assume, for purposes of screening, that he had a right to effective counsel.

sentence." *Muhammad*, 540 U.S. at 751 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). To the extent that I can pick out individual claims against the individual defendants (ineffective assistance of counsel or malpractice against Hoag, malicious prosecution against Barnett, perhaps), all potential claims implicitly challenge the constitutionality of the revocation proceedings and, a result, the revocation itself and Ewing's resultant confinement. A judgment in Ewing's favor here would necessarily undermine his revocation and imply that it is invalid. For these reasons, I must dismiss Ewing's claims for damages.[3]

And I will not *sua sponte* convert Ewing's case from a § 1983 civil rights action to a habeas action. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment, rather than to 'convert' the case to an impossible or inappropriate alternative suit."). As discussed, Ewing does not seek only habeas relief. Ewing has sued four individuals here; they would not be the proper defendants were this a habeas action. And Ewing seeks money damages in addition to injunctive relief, which are not available under § 2254, making conversion all the more inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

I will dismiss Ewing's complaint without prejudice to him pursuing his claims by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. But I will warn Ewing

[3] It is worth mentioning that even if Ewing did not have a *Heck* problem, it is unlikely that he would be able to recover against the individual defendants, as many, if not all, are likely entitled to some form of immunity.

that to pursue his claims via § 2254, he will have to demonstrate that his petition is timely and that he has complied with all applicable exhaustion requirements.

ORDER

IT IS ORDERED that:

1. Plaintiff DeVon Lytrell Ewing's case is DISMISSED without prejudice.
2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered December 15, 2016.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge